No. 3282

Second Circuit

---

HUNTER v. PRICE

---

(June 28, 1928. Opinion and Decree.)
(July 14, 1928. Rehearing Refused.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Assault and Battery —Par. 1, 7, 8.**
Where evidence clearly shows that plaintiff made no attack upon or demonstration toward defendant but was attacked by defendant who was the aggressor, defendant is liable for damages resulting.

2. **Louisiana Digest—Assault and Battery —Par. 9, 11.**
Three hundred dollars is sufficient quantum of damages for small gash under eye leaving slight scar.

Appeal from the Eighth Judicial District Court, Parish of LaSalle. Hon. F. E. Jones, Judge.

Action by C. B. Hunter against J. D. Price.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Gus A. Voltz, of Alexandria, attorney for plaintiff, appellee.

Overton & Hunter, of Alexandria, attorneys for defendant, appellant.

ODOM, J. On March 18, 1927, the defendant, Price, assaulted the plaintiff, Hunter, and inflicted upon him a slight wound, at the upper edge of the cheek bone under the left eye.

Plaintiff brought this suit for damages, and alleges that the assault was unprovoked and malicious.

Defendant resists the action on the ground that he acted in self defence.

The District Judge awarded the plaintiff the sum of $300.00. Both parties appealed, and plaintiff, in the court, asks that the award be increased to $750.00.

Plaintiff is general freight agent for the Missouri Pacific Railroad Company at the town of Tullos in LaSalle parish. He had been employed by the railroad company for a number of years and is a man of good reputation.

Some time prior to the date on which the two engaged in the personal encounter out of which this suit grows, someone in the town sent a telegram to Mr. Baldwin, president of the railroad company, that a certain shipment of freight had not been properly handled or delivered by the agent, Hunter.

Hunter, the agent, it seems, thought Price, the defendant, had sent the telegram

and made some remarks about it, but what he said is not disclosed by the record.

There is nothing to indicate that Hunter made insulting remarks about Price.

Late in the afternoon Price met Hunter at a newstand and told him he wanted to discuss a matter with him and asked him to go to Cook's store about one hundred feet away. The two walked to the store together, but neither said anything to the other on the way. They walked into the store and stood by a showcase. Price, the defendant, called Cook, the proprietor, and asked him in Hunter's presence if he, Cook, had sent the telegram to Baldwin, and Cook answered that he had. Price then asked Hunter why he had accused him, Price, of sending the telegram, or something to that effect. Hunter replied that he did not know, but had reason. Price called upon Hunter for an apology. Hunter and some of his witnesses say he told Price he was sorry. Price and his witnesses say Hunter made no apology. Price then assaulted and wounded Hunter.

There is some conflict in the testimony as to what was done and said by Hunter on the one side and Price on the other just previous to and at the moment Price assaulted Hunter.

Hunter says that Price asked him if he had accused him, Price, of sending the telegram, and that he admitted that he had. Price then asked why he had done so, and he replied that he had reasons for doing so. He says that Price became enraged and began to curse and abuse him, whereupon he asked Price to desist. He says he tried to reason with Price, to no avail; that he asked him the second time not to curse and abuse him, and that Price "got stronger" and said "I will do worse than abuse you" and picked up a can of something and hit him. Then he "got groggy," and has but little knowledge of what else happened.

Hunter says he made no assault upon or hostile demonstration toward Price.

To corroborate his own testimony, Hunter called Morris Miles, O. B. Nugent, O. L. Avery, G. C. Deville, and Joe Nugent, all of whom were present and saw the difficulty.

Each of these witnesses testified that the assault which Price made on Hunter was unprovoked and vicious. They say that Price cursed and abused Hunter, and that Hunter asked him not to do that, and some of them say that Price remarked that he would do worse than abuse him and immediately threw a can of pork and beans at him. Some say he hit Hunter with the can; some say he missed him; but all say that Price hit him with his fist. They all say that Hunter made no move or demonstration toward Price.

Price alleged and swore that Hunter advanced upon him with an open knife in his hand. Price's two witnesses, his brother, Marion Price, and the storekeeper, Cook, corroborated his testimony on that point.

Hunter and his five witnesses say he had no knife in his hand.

The fact that Price became enraged, cursed and abused Hunter, is borne out not only by Hunter and his five witnesses, but is conceded by Price and his witnesses.

Mr. Cook, who testified for defendant, in his account of what was said, stated that Price remarked:

"Mr. Hunter, you will have to apologize to me. Mr. Hunter says, Mr. Price I don't have to apologize to you, you are just a man like anybody else. Mr. Price said,

you are damn sure going to apologize to me or I am going to work you over."

Mr. Cook was asked:

"Did you hear Mr. Price curse Mr. Hunter?"

And he answered:

"Yes, sir. He told him he was going to work him over if he didn't quit lambasting him."

Defendant says he told Hunter:

"* * * was damn tired of having that kind of gossip circulated."

Every witness called, including those for defendant, testified that before Price struck Hunter, Hunter asked Price not to curse and abuse him.

Our reading of the record has convinced us that Hunter made no attack upon or any demonstration whatever toward Price; but, on the contrary, that Price was wholly at fault and was the aggressor from start to finish.

We are not informed as to what Hunter said about the telegram, except that he had stated he thought Price had sent it. The testimony preponderates to the effect that Hunter apologized to Price when Cook admitted that he and not Price had sent it. This should have ended the matter. But Price was mad and, according to Cook, defendant's witness, Price threatened "to work him over" about it, and, according to a number of witnesses, proceeded to curse and abuse him.

Defendant admits that he assaulted plaintiff. Evidently the District Judge did not believe Hunter had a knife in his hand. We do not think so either.

We shall not disturb the judgment on the quantum of damages.

Plaintiff received a small gash wound just under the eye. The physician says there was no infection, and it soon healed, and he thinks there was no suffering. Plaintiff says there was infection, and that he suffered considerably. There remains a slight scar, but it is not prominent and does not disfigure the face.

Judgment affirmed with costs.